ANTONIO DOUGHERTY, by O. D. JONES, Guardian, Appellant, v. MARY C. GANGLOFF, ANTHONY R. GANGLOFF and CATHERINE DOUGHERTY.

### Division Two, February 6, 1912.*

1. **EXECUTION SALE: No Notice of Exemptions.** The failure of the sheriff to give notice to the execution debtor of his right as the head of a family to select and hold as exempt from execution the three hundred dollars worth of real or personal property mentioned in the statute, does not make void an execution levy and sale of real estate.

2. ————: **Notice By Creditor.** A sheriff's deed is not void by reason of the failure of the execution creditor to give notice of the execution and sale to a judgment debtor upon whom personal service of summons was made before judgment and while he was a resident of the county where it was rendered, although at the time execution is issued he is not a resident of the county. Sec. 2220, R. S. 1909, has no application to such a case.

3. ————: **In Bulk: Not Raised at Trial.** If appellant in the trial court did not object to the sheriff's deed on the ground that the four lots were sold in bulk, instead of being divided and sold in parcels, no such objection to the deed will be considered on appeal. A litigant is bound by the theory upon which he tried his case in the lower court.

4. ————: **Sale for Costs Only: No Costs Certified In Execution.** An execution sale of real estate by the sheriff will not be held to be void simply because the execution did not certify any costs or command the officer to collect any. If the execution creditor made a bid of $100 and the land was sold to him for that sum, and he paid it, and the sheriff's report shows that he applied $50.65 to the payment of the costs and paid the balance to the said execution creditor, it will not be held that the sale was made to pay costs only, or that no part of the money bid was applied on the judgment, for the effect of the sale and disbursement was that the costs were paid and the judgment against the debtor was satisfied to the amount of $49.35.

*NOTE.—Decided December 19, 1911. Motion for rehearing overruled February 6, 1912.

5. ————: **Inadequacy of Consideration.** A sale. of property worth $907.75 for $100 is not such a grossly inadequate consideration as to shock the conscience or to authorize a court to set it aside on the ground of inadequate price alone—especially where the records of deeds at that time showed that the execution debtor had no interest in the property.

6. ————: ————: **Clouded Title.** Nor does the fact that the title of the judgment debtor was at the time of the execution sale clouded by conveyances which seemed to convey his interest and which later by the courts were set aside, coupled with the inadequacy of consideration, justify a court in setting aside a sale fairly made, if there is no proof that any of the defendants obtained said invalid conveyances to themselves for the purpose of defrauding the judgment debtor.

7. ————: **Subject to Prior Liens and Judgments.** A recital in the notice of sale that the interest of the judgment debtor would be sold "subject to all prior liens and judgments" will not be held a sufficient ground in equity for setting the sale aside unless it is shown that there were no prior liens or judgments; and the burden is on said execution debtor to show there were none such. However, the better practice is for the sheriff to follow the usual custom of simply advertising for sale all the right, title and interest of the execution debtor.

Appeal from Knox Circuit Court.—*Hon. Charles D. Stewart,* Judge.

AFFIRMED.

*O. D. Jones* for appellant.

(1) These defendants and plaintiff's father were tenants in common of these lands, and he was a reversioner, which relation implies certain trusts. 11 Am. & Eng. Ency. Law (1 Ed.), 1080. The pleadings and conduct of these defendants in the other case shows they attempted to use the trustee's sale and deed under the deed of trust to Linville, to shade out and take the title of plaintiff's father. They have used that illegal deed, put on the land by plaintiff's mother, in violation of the terms of the father's will, the quitclaim deed for one dollar in which there was a mistake as to the block, to encumber and cloud his title, until the

defendant in this case could be, as he intended to be, the sole bidder at the sheriff's sale, at his own price, and actually did bid off the property at less than one-twentieth of its actual value. Now after every one of those apparent encumbrances and conveyances of all his title in said property have been wiped off by the judgment and decree of this court, but this sheriff's deed, they stand upon it. Can they do it with "clean hands?" In the other case they denied they owed him any rent; and yet not one of them took the witness stand, nor did they state one fact on that subject. Under our code the rule is, especially in equity, "That matters more in the knowledge of one party than the other, must be pleaded, by the party having the knowledge." Owens v. Gerges, 2 Mo. 41; Leet v. Bank, 141 Mo. 581. But their policy then and now is suppression of the truth. Every rule of honesty and fair dealing then and now calls on these defendants for the facts. Before they denied he was the owner, or entitled to any rents; denied he was cotenant; asserted they had rightly excluded him as such and treated him as a stranger, since the date of the death of his mother July 18, 1894. Now they come as eloquent parties in equity and admit that conduct that shows it was oppressive, illegal, coercive and fraudulent; they did it without any legal right. Can this court say they stand here with clean hands offering to do equity? (2) That deed is also illegal and the sale was irregular in fact and law and for no consideration—at least, for a very inadequate one. And the failure of these defendants to take the witness stand raises a presumption against them of great weight. Baldwin v. Whitcamp, 71 Mo. 651; Mayberry v. McClurg, 74 Mo. 575; Pomeroy v. Benton, 77 Mo. 64; Ins. Co. v. Smith, 117 Mo. 261; 2 Greenl. on Evidence, sec. 82. (3) No legal notice of sale was given describing "the real estate to be sold." The notice does not say it was an undivided interest in the property; says the sheriff has levied on all the right, title

and interest of John A. Dougherty. That does not notify bidders what his interest in the property was. There was no decree of partition setting forth what they were; not even that it was an undivided one. If the notice had recited he was the owner of an undivided one-fourth, then, what would it show the sheriff was going to sell? That interest "subject to all prior liens and judgments." That asserts there were prior liens and judgments; it put intended bidders on special notice. And when they proceeded to investigate, as the record then stood, it would not appear that he owned any interest in that property; it would appear that a bid for his supposed interests would only be a bid for one or more lawsuits. Why was that clause inserted in the notice? It certainly is unusual. The general principle of purchasers at such sales is *caveat emptor*, without a special injunction to that effect. The sheriff says he thinks Gangloff's attorney wrote the notice of sale. It made, as it was intended to do, Gangloff the sole and only bidder. (4) The statute, Sec. 3197, R. S. 1899, says twenty days' notice shall be given of the time, terms and place and "what real estate is to be sold." The notice given did not state what his interests were and then declared it would be sold "subject to prior liens and judgments." The description is not sufficient Lisa v. Lindell, 21 Mo. 132. Freeman's Judicial Sales, sec. 36; Daugherty v. Linthicum, 8 Dana, 198; Bullard v. Heickley, 6 Greenleaf, 298; Eberstein v. Oswalt, 47 Mich. 254; Crane v. Guthrie, 47 Ia. 542. (5) The sheriff's deed is made without any consideration. The execution does not certify any judgment for costs. It shows, that the judgment for the debt is $917.81, and that is all that is certified. The defendants offer and read in evidence the sheriff's report of this sale, in which he recites that defendant Gangloff bid $100 for all the property at one bid. That he applied "$50.65 to the payment

of costs accrued, and the remainder $49.35 paid to A. R. Gangloff.'' He does not credit the judgment one cent, and returns the execution not satisfied. There must be a judgment for the costs as well as for the debt and damages. Cranor v. School Dist., 151 Mo. 119; Beedle v. Meade, 81 Mo. 304. Here no costs are certified in the execution. Baird v. Given, 170 Mo. 302; Sec. 3152, R. S. 1899. (6) The statute declares when the officer levies an execution on lands, he shall ''so divide such property, if susceptible of division and sell so much thereof, as will be sufficient to satisfy such execution.'' Sec. 3185, R. S. 1899. Here the property was improved, town lots—he did not need to divide; all he need do was to sell according to the subdivisions. It was irregular to not do it. Bolden v. Evard, 63 Mo. 336; Gordon v. O'Neil, 96 Mo. 356. (7) Plaintiff was a married man; head of a family; he had no property but this and was well known to the sheriff and that he lived in an adjoining county. He was entitled to hold $300 exempt in this real estate. Sec. 3159, R. S. 1899; Bank v. Borgfield, 93 Mo. App. 62. It was the duty of the officer to apprise the execution defendant of his rights of exemption. Sec. 3163, R. S. 1899; Paddock v. Lance, 94 Mo. 283; State v. Bierworth, 47 Mo. App. 551; Fink v. Craig, 57 Mo. App. 393; Warder-Bushnell Co. v. Allen, 63 Mo. App. 459.

*D. A. Rouner* and *L. F. Cottey* for respondents.

(1) The record shows that this sale was regular in all respects. The well-settled policy of the law is to uphold judicial sales, in the absence of fraud or unfairness. Lovitt v. Russell, 138 Mo. 484. (2) It is also contended that the insertion in the notice of sale, of the words, in brackets, ''subject to all prior liens and judgments,'' had the effect to chill bidding and consequently invalidated the sale. The rights of a purchaser at an execution sale are not in any wise

abridged or affected by the statement contained in the sheriff's notice of sale to the effect, that the same was made subject to all prior liens and judgments. All the right, title, and interest of John A. S. Dougherty in said property was sold by the sheriff under the execution issued on the judgment against said Dougherty, and it is not conceived how that statement in the notice affects the case. Clearly the sheriff could not limit the interest so sold by any statement of his. Huffman v. Nixon, 152 Mo. 316. Where the defendant is personally served with summons, in a county where he resides and has land, and judgment is rendered against him in such county, although he may subsequently remove to a different county and there reside when the execution is issued against him on said judgment, he is not entitled to notice of the issuance of such execution under Sec. 2220, R. S. 1909; Young v. Schofield, 132 Mo. 667. Mere inadequacy of price alone is not sufficient to set aside judicial sales under execution. Briant v. Jackson, 99 Mo. 585; Knoop v. Kelsey, 121 Mo. 642; Martin v. Castle, 193 Mo. 183.

KENNISH, P. J.—This case is before us on a second appeal. The opinion delivered on the former appeal is reported in 204 Mo. 228. The facts involved in the former appeal and the ruling of this court thereon, briefly stated, were as follows:

John Dougherty, a resident of Knox county, Missouri, died in 1874. By his will he devised to his wife Ellen the real estate in controversy, being lots five, eight, nine and ten, in block five, in the original town, now city, of Edina, in Knox county, Missouri, during her life or widowhood, with power to sell any or all of said property. At her death or remarriage the remainder was to go in equal portions to the four children of the testator, viz., Bernard, Mary C., Catherine and John A. S. Dougherty. Ellen Dougherty, after the

death of her husband, executed a deed of trust on all of the property so devised except lot five. Ellen Dougherty died in 1894. Thereafter the property described in the deed of trust, pursuant to the terms of said deed, was sold at trustee's sale. James Dougherty, a brother of John Dougherty, deceased, purchased the property, received a trustee's deed therefor, and subsequently conveyed to Catherine Dougherty and Mary C. Gangloff, formerly Mary C. Dougherty, wife of the defendant Anthony R. Gangloff. Bernard Dougherty conveyed all of his interest in all of the lots to Catherine and Mary C. On May 25, 1903, this suit was instituted by John A. S. Dougherty, in the circuit court of Knox county, against Catherine Dougherty, Mary C. Gangloff and Anthony R. Gangloff. The relief asked was that the deed of trust, trustee's deed and deed from James Dougherty to Catherine and Mary C. be canceled; that defendants be required to account for rents and profits; that plaintiff be adjudged the owner of an undivided one-fourth interest in the property and that partition thereof be made. Before the suit was tried John A. S. Dougherty died, and the action was revived in the names of his widow, Dena Dougherty, and his minor son, Antonio Dougherty, who appeared by O. D. Jones, guardian *ad litem*. An amended petition was filed. In addition to the matters alleged and the relief prayed for in the original petition, it was alleged that after the institution of the suit John A. S. Dougherty's interest in the property had been sold at sheriff's sale, under an execution issued upon a judgment in favor of Anthony R. Gangloff and against John A. S. Dougherty, and that at such sale Anthony R. Gangloff purchased the property sold and received a sheriff's deed therefor. Plaintiffs asked that this deed also be set aside. In their separate answer to the amended petition, defendants Catherine Dougherty and Mary C. Gangloff

set up a deed from John A. S. Dougherty and Dena Dougherty, conveying to them lots five, eight, nine and ten, in block *six* in the city of Edina; alleged mistake in the description of the property conveyed by said deed, and asked that the deed be reformed so as to describe the property in controversy, being the same numbered lots in block *five*. The circuit court found and adjudged that the deed of trust, trustee's deed, and the deed from James Dougherty to Catherine and Mary C. should be set aside; that the deed from John A. S. Dougherty and wife to Catherine and Mary C. should be reformed as against Antonio Dougherty, so as to describe the property in controversy, but should not be so reformed as against Dena Dougherty; that Dena Dougherty was entitled to dower in an undivided one-fourth of said property, but that Antonio had no interest therein. There was no finding as to the validity of the sheriff's deed. Antonio Dougherty and all of the defendants appealed to this court. On such cross-appeal it was held that no error was committed by the trial court in setting aside the deed of trust, trustee's deed and deed from James Dougherty to Mary C. and Catherine, but that error was committed in reforming, as against Antonio, the deed from John A. S. Dougherty and wife to Catherine and Mary C. The judgment was accordingly affirmed in so far as it awarded dower in the property to Dena Dougherty, but reversed as to Antonio and remanded for further proceedings in order that his interest might be ascertained and determined in accordance with the views expressed in the opinion. No ruling was made by this court as to the validity of the sheriff's deed, that question not having been passed upon by the trial court, and the evidence upon that issue not having been fully submitted by reason of a remark made by the trial court that John A. S. Dougherty had, prior to the sheriff's sale, conveyed all of his interest in the property

by the deed which this court held was erroneously re-
formed.

After the cause was thus remanded to the circuit
court Antonio Dougherty filed another amended peti-
tion, in which the validity of the sheriff's deed to
Anthony R. Gangloff was assailed upon the following
grounds:

First: That at the time of the sale John A. S
Dougherty resided in Shelby county, Missouri, and
was not given notice of the execution and sale, or notice
of the exemption rights to which he was entitled as the
head of a family.

Second: That in the notice of sale the sheriff gave
notice that he would sell John A. S. Dougherty's in-
terest in the property *subject to all prior liens and
judgments.*

Third: That the price at which the property was
sold was grossly inadequate, which inadequacy was
caused by the recital in the notice of sale that the prop-
erty would be sold subject to all prior liens and judg-
ments, and by the further fact that at the time of the
sale, owing to the fraudulent acts of the defendants
in procuring and placing of record the various con-
veyances involved in the first trial of the case, John A.
S. Dougherty had no apparent title to any interest in
the property, all of which conveyances were subse-
quently adjudged to be illegal and void by both the cir-
cuit court and this court.

In the second count of his amended petition plain-
tiff asked that he be adjudged the owner of an un-
divided one-fourth interest in the property, subject
to the dower of Dena Dougherty, and that partition of
the property be made.

The answers denied that plaintiff had any interest
in the property; pleaded the sheriff's deed to Anthony
R. Gangloff; denied plaintiff's allegations assailing

239 Sup.—42

the validity of that deed; and asked that the title be quieted in Anthony R. Gangloff. The quitclaim deed from John A. S. Dougherty and wife, involved in the former appeal, was not pleaded, the defendants relying solely upon the sheriff's deed.

The facts developed at the second trial bearing upon the validity of the sheriff's deed were, in substance, as follows:

In December, 1900, Anthony R. Gangloff recovered judgment against John A. S. Dougherty, in the circuit court of Knox county, for the sum of $917.81. Execution was issued thereon afterwards and on the 12th day of May, 1903, the sheriff levied upon John A. S. Dougherty's interest in the lots and advertised the same for sale. In the notice of sale the sheriff recited the levy and gave notice that at the time and place designated he would sell all of the right, title and interest of John A. S. Dougherty, *subject to all prior liens and judgments*. At the sale Anthony R. Gangloff purchased the property at the price of one hundred dollars, and received the sheriff's deed mentioned in the pleadings. At the time of the sale John A. S. Dougherty was the head of a family and resided in Shelby county, Missouri. He was not notified of the execution and sale or of his exemption rights. It was agreed by the parties that at the time of the trial the value of the four lots was five thousand and five hundred dollars.

Upon the evidence adduced, the circuit court found that the execution sale was regular and conveyed the title of John A. S. Dougherty to Anthony R. Gangloff, and that the title should be quieted in said Gangloff. Judgment was entered in conformity with the finding, and plaintiff appealed to this court.

I. Appellant complains of error in the holding of the trial court that the failure of the sheriff to notify the execution debtor of his exemption rights, as re-

quired by section 2184, Revised Statutes 1909, did not invalidate the sale.

The evidence shows that the execution debtor, at the time of the sale, was the head of a family and was entitled to select and hold exempt from execution three hundred dollars worth of real or personal property, under the provisions of section 2183, Revised Statutes 1909, and that the sheriff did not give him notice of his exemption rights pursuant to the requirements of said section 2184, supra.

In the case of Hudson v. Wright, 204 Mo. 412, the precise question raised by appellant was considered by this court. In that case the decisions in this State were reviewed and it was held that the failure of the sheriff to give such notice to the execution debtor did not make an execution levy and sale of real estate void. We adhere to the ruling in that case.

II. Error is assigned to the ruling of the lower court that the sheriff's deed is not void by reason of the failure of the execution creditor to give the debtor notice of the execution and sale.

.There is no merit in this point. Section 2220, Revised Statutes 1909, requiring the plaintiff in certain cases to give to the defendant written notice of the execution, has no application to the facts of this case. The judgment upon which the execution was issued was rendered against John A. S. Dougherty after personal service of summons upon him in Knox county, while he was a resident of that county. He appeared and contested the suit on the merits. Under such circumstances he was not entitled to the notice provided for by section 2220. [Harness v. Cravens, 126 Mo. 233; Young v. Scofield, 132 Mo. 650.]

III. It is contended that error was committed in the refusal of the court to set the deed aside on the ground that the property was sold in bulk, instead of

being divided and sold in parcels, as provided for by section 2206, Revised Statutes 1909.

It is sufficient to say upon this point that no such issue was raised in the trial court. It has long been an established rule of appellate procedure in this State that a litigant is bound by the theory upon which he tries his case in the lower court. He cannot "try his cause on one theory in the trial court, and then, if beaten there on ground of his own choosing, spring a fresh theory on his adversary in this court." [Bray's Adm'r v. Seligman's Adm'r, 75 Mo. l. c. 40; Henry County v. Citizens Bank, 208 Mo. l. c. 226.]

IV. Appellant's next assignment is that the court should have held that the sale and deed were void because the sale was made "to pay costs only, when the execution under which it was made did not certify any costs or command the officer to collect any, and because the sale in fact did not yield one cent to be applied on the judgment described in the execution."

In support of the contention thus made, appellant cites and relies upon the case of Nelson v. Brown, 23 Mo. 13. In that case a sheriff's sale was set aside because the evidence showed that at the sale the execution creditor bid seven dollars for the lot offered for sale and the sheriff struck it off to him at that price, but with the understanding that the amount of the bid should be increased or decreased to just the amount of the expenses of the sale. The case is not in point. The evidence introduced in this case shows that the execution creditor made a bid of one hundred dollars for the property and it was sold to him for that sum. He paid the one hundred dollars to the sheriff. The report of the sale made by the sheriff shows that he disbursed the money so received by applying $50.65 to the payment of the costs that had accrued in the cause, and by paying the balance, amounting to $49.35, to the execution creditor. The effect of the sale and the

disbursements made by the sheriff was that the costs were paid and the judgment against John A. S. Dougherty was in part satisfied. The point is ruled against appellant.

V. The objection to the finding and judgment of the circuit court most strongly urged by appellant, both at the oral argument and in briefs, is that the sheriff's sale was made under such circumstances, and in a manner so unfair to the execution debtor, that there was no competition in the bidding at the sale, with the result that the execution creditor was enabled to secure the property at a grossly inadequate price.

Under this complaint appellant presents three objections to the sheriff's sale and the deed made pursuant thereto, viz.: First, That the consideration was grossly inadequate; second, That at the time of the sale the title to the property was so clouded that no one would bid on the interest of John A. S. Dougherty when that interest was sold by the sheriff, and that all of the conveyances so clouding the title were procured and placed on record by the defendants for the purpose of defrauding John A. S. Dougherty, all of which conveyances have by the judgment of the circuit court and this court been adjudged to be illegal and void; third, That in the notice of sale John A. S. Dougherty's interest in the property was advertised to be sold *subject to all prior liens and judgments,* when in fact there were no prior liens or judgments affecting his interest in the property, which misleading recital also contributed to the inadequacy of consideration.

The question whether inadequacy of consideration alone, however gross, constitutes equitable ground for setting aside a sheriff's deed, was fully considered by this court, in Banc, at the last term, in the case of Mangold v. Bacon, 237 Mo. 496. The conclusion reached in that case was that "a court of equity in Missouri, acting with caution and only in an aggra-

vated case and when no aid from other equitable considerations is at hand, may set aside a sheriff's deed on the sole ground of a consideration so grossly inadequate as to shock the conscience.''

In the trial of this case in the circuit court it was agreed that the value of the lots involved was $5500. Taking that valuation as a basis of the value at the date of the sale, a one-fourth interest was worth $1375. The sale of John A. S. Dougherty's interest, however, was subject to the dower of Dena Dougherty, which has heretofore been finally adjudged to be of the value of $467.25. The value of the interest sold at the sheriff's sale was therefore $907.55. It was sold for $100, a fraction over eleven per cent of its value. This falls far short of being such a grossly inadequate consideration as would warrant a court in setting the deed aside on that ground alone, when tested by the rule announced in Mangold v. Bacon, supra. And in view of the fact that at the time of the sale the records of Knox county showed that John A. S. Dougherty had no interest in the property, it is not strange that no larger sum was offered for his interest. It is apparent, when all of the circumstances under which the property was sold are considered, that appellant is not entitled to relief on the ground of inadequacy of consideration alone.

This brings us to a consideration of the facts relied upon by appellant, in connection with the alleged inadequacy of consideration, as furnishing grounds for setting the deed aside.

The clouded condition of the title at the time of the sale, so far as the record before us shows, was due to no misconduct on the part of the defendants herein. There is no evidence whatever that the deed of trust, trustee's deed and the deed from James Dougherty to Catherine Dougherty and Mary C. Gangloff were not all made in good faith, for full value, and under

an honest belief of all parties to such conveyances that Ellen Dougherty had power and authority, under the terms and provisions of John Dougherty's will, to encumber the property. Appellant's contention that such conveyances were obtained and placed on record by the defendants for the purpose of defrauding John A. S. Dougherty, is wholly without proof to support it. The mere fact that the title was clouded by these conveyances at the time of the sale, in the absence of any evidence of fraud or unfair dealing in the making and recording of the conveyances, constitutes no ground for setting the deed aside.

Neither does the recital in the notice of sale that John A. S. Dougherty's interest in the property would be sold *subject to all prior liens and judgments* furnish any basis for the equitable relief sought. Appellant's contention on this point is based upon the assumption that the notice was false and misleading, in that the statement complained of was equivalent to an assertion that there were prior liens and judgments affecting the property, when in truth there were no such prior liens or judgments. If the facts thus assumed were supported by the evidence, a serious question as to the validity of the deed would be presented. We have carefully examined the record upon this point and find no evidence whatever tending to show that there were no prior liens or judgments. If such liens and judgments did exist the execution debtor was not harmed by the statement made in the notice, because the title acquired by the purchaser would be subject to the judgments and liens, regardless of any statement made in the notice of sale. The burden was upon the plaintiff to show that the sale was not fairly conducted. In order to entitle him to relief on account of the statement in the notice it was incumbent on him to show that the notice was misleading in a way that would tend to prevent bidding at the sale. He failed

to meet this requirement by producing evidence that there were no prior liens or judgments affecting the property sold.

It would have been the better practice had the sheriff followed the usual custom of simply advertising all of the right, title, interest and estate of the execution debtor, leaving the prospective bidders to ascertain the condition of the title. But the incorporation in the notice of the statement complained of, without proof that it was false or misleading, furnishes no ground for setting the deed aside.

For the reasons given the judgment should be affirmed. It is so ordered. *Ferriss* and *Brown, JJ.*, concur.