# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 16-6004

_____

In re: Becky Ann Spence

*Debtor*

------------------------------

Norman E. Rouse

*Plaintiff - Appellant*

v.

Lewis Rauch; Carol L. Rauch; Gail L. Fredrick

*Defendant*s

Sunset Cove Condominium Owners Association, Inc.

*Defendant - Appellee*

D.S.C.N., Inc. Raugh Capital, LLC

*Defendant*

_____

Appeal from United States Bankruptcy Court
for the Western District of Missouri - Springfield

_____

Submitted: July 28, 2016
Filed: August 4, 2016

Before KRESSEL, SALADINO and NAIL, Bankruptcy Judges.

SALADINO, Bankruptcy Judge.

The Chapter 7 trustee appeals from the bankruptcy court's[1] judgment and order in favor of Sunset Cove Condominium Owners Association, Inc. ("Sunset Cove") on issues of turnover and preference. We have jurisdiction of this appeal from entry of the bankruptcy court's final order pursuant to 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

*Factual and Procedural Background*

In 1996, the debtor purchased a boat slip on Table Rock Lake, near her condominium unit in Sunset Cove, Missouri. She later fell into arrears on her condominium homeowners' assessments, and Sunset Cove obtained a judgment against her on July 23, 2012, in the amount of $36,262.25, plus interest, for the unpaid assessments. Subsequently, Sunset Cove filed with the Stone County Circuit Court an "Execution/Garnishment/Sequestration Application and Order" requesting a "general execution" for "other personal property levy." The Instructions for Service on the execution application stated, "Levy on boat slip #16 at Dock #4 located at Sunset Cove Condominiums, bearing Corps of Engineers permit #7904." That same

---

[1]The Honorable Arthur B. Federman, United States Bankruptcy Judge for the Western District of Missouri.

date, on the same form as the execution application, the Circuit Court of Stone County issued a Writ of Execution directing the county sheriff to execute the writ.

On September 4, 2012, a Stone County deputy sheriff posted a copy of the execution application and order on a pole bearing slip number 16 on the boat dock near the boat slip. On the second page of the document, the deputy sheriff filled out the portion certifying that he had posted it at the location and that the boat slip was "currently empty." The boat slip was sold at a sheriff's sale on October 23, 2012, for $51,500.00. The amount of the sale proceeds exceeded the amount of the judgment debt owed to Sunset Cove. The sale proceeds were held in trust and not distributed pending the outcome of competing claims to the funds.

On January 6, 2013, the debtor filed a Chapter 11 bankruptcy petition. On May 9, 2014, the case was converted to Chapter 7, and Norman Rouse was appointed as the Chapter 7 trustee. Thereafter, he filed an adversary proceeding to determine which party was entitled to the proceeds from the sale of the boat slip. After a trial on the matter, the bankruptcy court ruled, *inter alia*, in a memorandum opinion, order, and judgment filed on January 26, 2016, that the execution and sale were valid, any failure to give proper notice of levy or sale caused no prejudice to the debtor or the bankruptcy estate, the sale was not a preference, and Sunset Cove was entitled to recover the amount of its judgment from the proceeds, with the balance going to the bankruptcy estate.

The Chapter 7 trustee timely filed his notice of appeal and asserted the following two assignments of error:

1.      The bankruptcy court erred when it determined that the sheriff's act of posting the execution application to the boat slip constituted a "notice of levy" required by Mo. R. Civ. P. 76.06(c).

2.      The bankruptcy court erred when it determined that the sheriff's act in posting the execution application to the boat slip created a lien on the boat slip pursuant to Mo. R. Civ. P. 76.07.

The matter before us is whether the sheriff's posting of the execution application and order was sufficient as a notice of levy under Missouri law. According to the trustee, if the levy did not comply with Missouri law and did not create a perfected judgment lien on the boat slip in favor of Sunset Cove, then the proceeds purportedly payable to Sunset Cove could be avoided as a preference because the sale and payment occurred within 90 days prior to the filing of the bankruptcy petition.

## *Standard of Review*

The facts of the case are undisputed. On appeal, conclusions of law are given *de novo* review. *Venture Bank v. Lapides*, 800 F.3d 442, 443 (8th Cir. 2015). Statutory interpretation is a legal question that we review *de novo*. *Hardy v. Fink*, 787 F.3d 1189, 1192 (8th Cir. 2015). In performing a *de novo* review, the court must independently determine whether the bankruptcy court reached the correct legal conclusion on the basis of the facts found. *Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir. 1987); *Finstrom v. Huisinga*, 101 B.R. 997, 998 (D. Minn. 1989).

## *Discussion*

Sunset Cove took steps to collect its judgment by executing upon the debtor's boat slip, which the parties agree is personal property.[2] The Missouri procedural rules

---

[2]Under Missouri procedural rules, "[a]n execution may be issued on application signed by the party or his attorney and stating the address of the person making the application." Mo. R. Civ. P. 76.01. "Executions shall be directed to 'any sheriff in the
(continued...)

describe how a county sheriff is to levy upon property subject to attachment for execution. Rule 76.06(c) states: "Tangible Personal Property Where Seizure is Impracticable. A levy upon tangible personal property where seizure is impracticable shall be made by the sheriff posting a notice of the levy upon the property or as near as practicable thereto." Neither party disputes that physical seizure of a boat slip is impracticable. The parties agree that the sheriff's deputy posted the execution application and order on the pole marking the debtor's boat slip. Under Missouri law, a levy creates a lien on the personal property. Mo. R. Civ. P. 76.07. The sheriff is then obligated to notify the judgment debtor of the levy:

> Within three days after an officer has levied an execution, the officer shall notify the person against whom the execution has issued that an execution has been levied, that certain property, if any, is exempt under sections 513.430 and 513.440, RSMo, and that the person has the right to hold the property as exempt from attachment and execution. The officer shall also generally state that there are certain exemptions under state and federal law that the judgment debtor may be able to claim with respect to the property levied upon and describe the procedure for claiming the property as exempt. The notice shall also inform the person against whom the execution issues of the manner in which the person may obtain a specific description of the property upon which the levy was made. The notice may be served in the same manner as a summons or by mailing the notice to the judgment debtor at the debtor's last known address by regular mail. Service by mail shall be complete upon mailing.

---

[2](...continued)
State of Missouri' and may be executed in any county by the sheriff of that county." Mo. R. Civ. P. 76.05.

Mo. R. Civ. P. 76.075(a). It is undisputed that the sheriff did not serve the debtor personally or by mail with the required notice of levy and exemption from execution.

The Missouri procedural rules also contain specific requirements requiring public notice of the time and place of the sale. *See,* Mo. Ann. Stat. § 513.145 and Mo. R. Civ. P. 76.13. Concerns about the sale notice were raised to the bankruptcy court, but were not raised as errors on appeal. In fact, in his brief, the trustee states: "The Appellant is not arguing that sale pursuant to the execution order was invalid." Accordingly, the validity of the sale is not at issue in this appeal.[3]

Procedurally, once the judgment creditor makes such an application for execution to the Clerk of the Court, the Clerk issues a Writ of Execution to the sheriff, directing the sheriff to execute the writ by levying upon the debtor's property and to certify to the court how he or she did so. *See,* Mo. Rev. Stat. § 513.015*, et. seq.* A levy is "the actual seizure of property by the officer charged with the execution of the writ." Mo. Rev. Stat. § 513.010.1.

The trustee raises two arguments about the validity of Sunset Cove's levy. First, he asserts that the sheriff did not post a true "notice of levy" at the boat slip. Second, he asserts that the failure to serve the debtor with notice of her exemption rights prevented the levy from creating a valid lien on the boat slip. With no valid lien in place, the trustee asserts, Sunset Cove's receipt of the sale proceeds within 90 days before the filing of the debtor's bankruptcy petition was an avoidable preference and the funds should be turned over to the trustee on behalf of the bankruptcy estate.

---

[3]Frankly, this concession by the trustee likely resolves this appeal. It is difficult to conceive of a scenario where someone (other than a good faith purchaser for value) could successfully argue that a sale based on a personal property levy is valid while the levy itself is invalid. However, this issue was not raised by the parties.

As to the first argument, the trustee posits that the sheriff did not post a proper notice of levy as required by Rule 76.06(c), but simply served the debtor with notice of the execution order by posting it on the boat slip. The bankruptcy court agreed that the execution application and order form was not a "model of clarity" because it contained some confusing information, but ultimately concluded that the posting of the execution application and order complied with Rule 76.06(c) because anyone seeing the notice posted at the boat slip would understand that the slip had been levied and would be sold by the sheriff. The trustee believes that conclusion was erroneous.

The trustee's argument that the sheriff did not actually post a notice of levy rests entirely on testimony as to the deputy sheriff's intent when he posted the notice at the boat slip. However, there is no mention in the statute of the necessary intent on the part of the sheriff. The officer is simply to post a notice of the levy upon the property or as near as practicable thereto. There is no real dispute here about the validity of the execution application and order form, despite its lack of clarity. Its first page states that it is a "General Execution" for "Other Personal Property Levy" and the name of the creditor and the debtor are shown. It also contains instructions to the sheriff to "Levy on boat slip #16 at Dock #4 located at Sunset Cove Condominiums, bearing Corps of Engineers Permit #7904." The law simply requires the sheriff to post a "notice of levy" in the appropriate location. Here, the deputy complied by posting the execution application and order form on the pole identifying the boat slip, which was sufficient to be a notice of levy regardless of what the deputy's thoughts were about what he was posting. The trustee fails to identify any statute, rule or requirement that would dictate the form or content of the notice of levy or otherwise invalidate the posting of the execution application and order as a notice of levy under the circumstances at issue.

As to the trustee's second argument, concerning the lack of notice to the debtor, Missouri case law is clear that a failure to provide a debtor with notice to

claim exemptions in levied property is harmless unless the debtor can demonstrate prejudice as a result of the lack of notice. *Rusk v. Rusk*, 859 S.W.2d 751, 755 (Mo. Ct. App. 1993); *Mason v. Wilks*, 288 S.W. 936, 939 (Mo. Ct. App. 1926); *Daugherty v. Gangloff*, 144 S.W. 434, 435-36 (Mo. 1911); *Hudson v. Wright*, 103 S.W. 8, 12 (Mo. 1907) (stating "Whatever may be the individual views of the writer on the wisdom of exacting the nicest compliance with exemption statutes, in order to further the beneficent purposes underlying them, yet it cannot be held that the punishment meted out on noncompliance with section 3162, supra, goes so far as to make void an execution levy and sale of real estate.").

Here, the trustee did not present to the bankruptcy court any evidence of prejudice to the debtor or the estate as a result of the lack of notice concerning exemption rights. The estate will be receiving a portion of the funds from the sale, and the debtor may then claim whatever exemptions she is entitled to, if any.

### *Conclusion*

The posting of the execution application and order on the boat slip was sufficient as a notice of levy and created a valid lien on the boat slip under Missouri law. The sheriff's failure to give required notice to the debtor did not invalidate the levy or the lien. Accordingly, the judgment of the bankruptcy court is affirmed.

_____